

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

Edward Bunn, )
 )
    Plaintiff, )
 )
v. ) Civil Action No. 1:09cv1334
 )
Washington Metropolitan Area )
Transit Authority et al., )
 )
    Defendants. )

Memorandum Opinion

THIS MATTER came before the Court on defendant Washington Metropolitan Area Transit Authority's ("WMATA") Motion to Dismiss (Dkt. 2). The Court has reviewed the pleadings and makes the following findings:

Plaintiff agrees that the intra-corporate conspiracy doctrine bars claims of a conspiracy between a company and its employees and agents acting within the scope of their employment. See Buschi v. Kervin, 775 F.2d 1240, 1251-52 (4th Cir. 1985); Bowman v. State Bank of Keysville, 229 Va. 534, 540-41(1985). Thus, plaintiff's conspiracy claim is appropriately dismissed as against WMATA.

WMATA is immune from federal discrimination claims because it enjoys the immunity of a state. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) (holding that state agencies are immune from suit under § 1983); Lizzi v. Alexander, 255 F.3d 128, 133 (4th Cir. 2001) (following DC Circuit law on WMATA's sovereign immunity); Morris v. WMATA, 781 F.2d 218 (D.C. Cir. 1986) (holding that WMATA holds same sovereign immunity as a state agency). Thus,

the federal law discrimination claims are barred by WMATA's sovereign immunity, and plaintiff's federal discrimination claims are appropriately dismissed as against WMATA.

Negligent hiring, training, and supervision are all core discretionary functions and thus, WMATA is immune from suit on these claims. *See* WMATA Compact § 80; *Jones v. WMATA*, 205 F.3d 428, 432 (D.C. Cir. 2000); *Burkhart v. WMATA*, 112 F.3d 1217 (D.C. Cir. 1997). Thus, plaintiff's hiring, training, discipline, and supervision claims are all appropriately dismissed.

The parties agree that WMATA is liable for all torts committed by its employees during proprietary functions. *See* WMATA Compact § 80. Operating a bus is such a proprietary function. *Burkhart v. WMATA*, 112 F.3d 1217 (D.C. Cir. 1997). Plaintiff also agrees with WMATA that Virginia's two-year statute of limitations applies to the tort claims against WMATA. Thus, claims arising prior to November 30, 2007, namely those claims described in paragraphs 12 through 16 of the complaint, are appropriately dismissed against WMATA. The tort law claims arising after November 30, 2007, namely those claims described in paragraphs 17 through 38, remain intact.

Plaintiff's punitive damages demand is also stricken.

An appropriate Order shall be issued.

ENTERED this 12th day of April, 2010.

/s/
THERESA CARROLL BUCHANAN
UNITED STATES MAGISTRATE JUDGE

Alexandria, Virginia